UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| V | § Case No. A-11-CR-091-SS |
| | § |
| PHILLIP NOEL FILARDI | § |

**DEFENDANT'S MOTION TO SUPPRESS
WITH INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

NOW COMES Philip Filardi, by and through his undersigned attorney, and files this Motion to Suppress with Incorporated Memorandum of Law in Support, and would show this Honorable Court as follows:

## I

### STATEMENT OF FACTS

On September 3, 2010, the Westlake Hills Police Department responded to a call about an armed robbery at IronStone Bank, 2200 Bee Cave Road, West Lake, Texas. The information gained at the scene indicated that the suspected robber entered the bank, brandished a black revolver firearm, and demanded money. The tellers at the bank complied and placed the money in a grey and black backpack provided by the robber. The witness description of the robber went out over the police radio broadcast as a male with tan skin, about 170-180 pounds, wearing a yellow rain jacket and black ski mask, with a grey backpack, and no known direction of travel.

Officer Vasquez was driving his marked police car in the vicinity of the crime scene soon after the call of the robbery. While driving behind some stores in a shopping center in the area of the crime scene, he observed the defendant walking toward the crime scene wearing a t-shirt,

1

jogging/biking athletic shorts, and a backpack. Vasquez cruised the area and again saw the defendant in a jogging mode still headed toward the crime scene. Vasquez observed in his report that the Defendant was not stopped because he was wearing jogging attire which is typical for people in this area, and he appeared to be heading toward the crime scene. The affidavit for the complaint herein confirms that the defendant was wearing jogging attire, and that joggers are common in the area. After again hearing the broadcast of the above description, Vasquez decided to stop the defendant who at that time was still jogging. Vasquez radioed dispatch that he was going to stop a jogger with a grey backpack. Backup officers Torres and Arispe soon arrived at Vasquez's location.

Vasquez began questioning the defendant and was told by the Defendant that he was jogging for exercise and that the backpack had dead weight in it. Vasquez had the Defendant take off the backpack and place it on the ground. He then handcuffed him and advised him that he was being detained. Vasquez asked Torres to search the Defendant. At that time Arispe searched the backpack. As Torres was searching the Defendant, Arispe advised that the defendant was the guy that robbed the bank and that all the money was in the backpack. They then advised the Defendant and dispatch that they had the defendant in custody.

After dispatch confirmed that the defendant was in custody, the officers question the Defendant about where the gun was. The Defendant responded that the gun was in the back pack. The officers looked further into the bottom of the backpack and found a revolver. Also found in the backpack was the large mount of cash money, a black face mask, and a yellow rain jacket. Some minutes later, the Defendant was read his Miranda warnings.

By using the car key seized from the Defendant during the detention and arrest, the officers found his Chevy Tahoe close by in the referenced shopping center. The officers searched the vehicle at that time and found more suspicious items.

Defendant Filardi challenges the admissibility evidence that are fruits of the unlawful stop, arrest and search of the defendant, the backpack, and his vehicle. No warrant was issued.

Defendant Filardi further challenges the admissibility of any pre-*Miranda* statements he may have made.

## II.

### BRIEF DISCUSSION OF AUTHORITIES TO BE SUPLEMENTED

Basic to an individual's rights under the Fourth Amendment is the principle that the Government may not conduct a search or seizure without a warrant supported by probable cause. The exclusionary rule guarantees this principle by prohibiting the introduction into evidence of tangible materials seized during an illegal search. *See Murray v. United States*, 487 U.S. 533, 536 (1988).

A police officer may pat down a detainee's outer clothing for weapons if, under the totality of circumstances, the officer harbors a reasonable suspicion, based on articulable facts, that the detainee is involved in criminal activity and may be armed and dangerous, so that a pat-down search is necessary to protect himself or others. *Terry v. Ohio,* 392 U.S. 1, 30 (1968).

Statements made by a defendant as a result of custodial interrogation but without advising the defendant of his Fifth and Sixth Amendment rights are not admissible. *Miranda v. Arizona*, 384 U.S. 436 (1966)

WHEREFORE, premises considered, Defendant prays this Honorable Court to suppress any evidence derived directly or indirectly from the illegal stop, arrest, and search of the Defendant and to further suppress any statement made by the Defendant before he was read his *Miranda* warnings.

                                        Respectfully submitted.

                                        Attorney for Defendant Phillip Filardi
                                        Ben Florey
                                        SBN 07169500
                                        Ben Florey Law Offices
                                        1800 Guadalupe Street
                                        Austin, Texas 798701

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Defendant's Motion to Suppress on the United States Attorney for the Western District of Texas, Elizabeth Cottingham, by electronic means on July 7, 2011.

_____

Ben Florey, Attorney for Defendant Philip Filardi

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | NO. A-11-CR-091-SS |
| PHILLIP NOEL FILARDI | § | |

**O R D E R**

On this date came on to be considered Defendant Filardi's Motion to Suppress, and the Court, after hearing evidence and argument, finds that the motion should be GRANTED.

It is therefore ordered that the following evidence be, and it is hereby suppressed:

1. Any items of evidence obtained from the detention, arrest and search of the defendant and his vehicle.

2. Any statement made by the defendant prior to giving him *Miranda* warnings.

So ORDERED on this the _____ day of _____ .

_____
United States District Judge